RENDERED: OCTOBER 28, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0107-DG

DAVID JONES, INDIVIDUALLY, AND          APPELLANT
ON BEHALF OF ALL PERSONS
SIMILARLY SITUATED

V.             ON REVIEW FROM COURT OF APPEALS
NO. 2018-CA-1710
CLARK CIRCUIT COURT NO. 17-CI-00067

CLARK COUNTY, KENTUCKY; AND FRANK          APPELLEES
DOYLE, INDIVIDUALLY

**OPINION OF THE COURT BY JUSTICE CONLEY**

**<u>REVERSING AND REMANDING</u>**

KRS[1] 441.265 outlines the required reimbursement of incarceration fees by a prisoner. In this case, David Jones (Jones), the Appellant, was presented with a bill for his incarceration fees after fourteen months in a county jail. Shortly after his release, Jones was cleared of all charges. We must decide whether, as the trial court ordered in its summary judgment, a county jail may both retain the monies collected from a prisoner and further bill the same prisoner for the cost of his confinement after the charges against him have been dropped.  We hold that the trial court and Court of Appeals erred in their interpretation of KRS 441.265. Accordingly, we reverse the trial court's summary judgment.

---

[1] Kentucky Revised Statutes.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 26, 2013, Jones was arrested and booked into the Clark County Detention Center (CCDC). Pursuant to KRS 441.265(2), the CCDC charged Jones a thirty-five-dollar ($35) booking fee, a ten-dollar ($10) fee for his first day's room and board, and a five dollar ($5) fee for a hygiene kit. The CCDC continued to charge Jones a $10 per diem fee for room and board until Jones posted bond on December 15, 2014. Additionally, Jones was charged two dollars and sixty-nine cents ($2.69) for each indigent kit[2] he received during his confinement. During his incarceration, the CCDC automatically deducted two-hundred-fifty-six dollars and forty-four cents ($256.44) from Jones' canteen account.

At the time of his release in December 2014, Jones owed the CCDC $4,008.85 in fees. Jones paid twenty dollars ($20) toward the accumulated debt before being advised to stop by counsel. On April 2, 2015, all the criminal charges against Jones were dismissed without prejudice.

On November 20, 2015, Jones filed a class action complaint in the United States District Court for the Eastern District of Kentucky against both Clark County and Frank Doyle (Doyle), the Clark County Jailer, in his individual capacity. In that complaint, he alleged that CCDC's policy of billing for the fees accumulated during his incarceration even though his charges were dismissed violated both KRS 441.265 and his Fourth and Fourteenth

---

[2] An indigent kit provides a prisoner with basic hygiene supplies which are included in the original hygiene kit but which deplete over time.

2

Amendment rights under the U.S. Constitution. Various state law claims were also raised in Jones' complaint. Clark County and Doyle filed a joint motion to dismiss, which was granted based upon the trial court's finding that no violations of due process had occurred.

Shortly thereafter, Jones appealed to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit affirmed the district court's dismissal of the action, concluding that assessing incarceration fees did not violate Jones' constitutional rights under the Fourth and Fourteenth Amendment. The Court declined to exercise jurisdiction on the state law claims raised by Jones.

On February 3, 2017, Jones filed a class action complaint[3] against the same appellees—Clark County and Doyle—in the Clark Circuit Court. In the complaint, Jones claimed that KRS 441.265 did not permit the CCDC to bill a former prisoner for the cost of his confinement when all charges against the prisoner had been dismissed. Jones further alleged that the assessment of such fees violated Sections 1, 2, 10, and 17 of the Kentucky Constitution. Jones also asserted that Clark County and Doyle negligently engaged in a conspiracy and improperly converted Jones' property. Finally, Jones sought damages based upon a claim of unjust enrichment and restitution.

Clark County and Doyle filed an answer and a motion for summary judgment, arguing that KRS 441.265 authorized the CCDC to assess and bill

---

[3] Pursuant to CR 23.03(1), "the court must determine by order whether to certify the action as a class action." While Jones and, at times, Clark County refer to a class action, the circuit court never issued an order denying or certifying Jones' proposed class. Jones simply stating it is a class action does not make it so, especially since the record is silent on the matter.

for the incarceration fee. They further claimed the statute did not violate the Kentucky Constitution. Jones responded, contending that the plain language of KRS 441.265 requires a sentencing court to assess incarceration fees, not the local jail.

The trial court granted summary judgment in favor of Clark County on November 1, 2019. The trial court found that KRS 441.265 permitted CCDC to assess the $4,008.85 in fees. Additionally, the trial court found that no provision of the Kentucky Constitution had been violated. Jones appealed the order to the Kentucky Court of Appeals.

On February 14, 2020, the Court of Appeals issued an opinion affirming the trial court's order for summary judgment. Focusing on the statutory definition of "prisoner" found in KRS 441.005(3)(a) and prior precedent, the Court rejected Jones' assertion that a jail is only allowed to assess fees against persons who have been convicted of crimes under KRS 441.265. The Court also held that Sections 1, 2, 10, and 17 of the Kentucky Constitution had not been violated. The Court of Appeals further stated that the fees assessed did not infringe on Jones' presumption of innocence. Finally, all of Jones' other allegations were held to be moot or without merit.

Jones moved for discretionary review, which we granted.

## II. STANDARD OF REVIEW

In reviewing a trial court's grant of summary judgment, we must determine that there was no genuine issue as to any material fact and that the

moving party was entitled to judgment as a matter of law. CR[4] 56.03. All facts and inferences therefrom must be viewed in the light most favorable to the nonmoving party. *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Because summary judgment does not require finding of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions." *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010) (citing *Malone v. Kentucky Farm Bureau Mut. Ins. Co.*, 287 S.W.3d 656, 658 (Ky. 2009)). Our review will proceed *de novo*.

## III. ANALYSIS

First, we will address the trial court's interpretation of KRS 441.265. Jones alleges that the CCDC's assessment and collecting of fees from a former prisoner who has been cleared of all charges violates Kentucky law, specifically, KRS 441.265, which provides in relevant part:

> (1) A prisoner in a county or local jail **shall be required by the sentencing court to reimburse the county for expenses incurred by reason of the prisoner's confinement as set out in this section, except for good cause shown.**
>
> (2)(a) The jailer may adopt, with the approval of the county's governing body, a prisoner fee and expense reimbursement policy, which may include, but not be limited to, the following:
>
> > 1. An administrative processing or booking fee;
> > 2. A per diem for room and board of not more than fifty dollars ($50) per day or the actual per diem cost, which is

---

[4] Kentucky Rule of Civil Procedure.

less, for the entire period of time the prisoner is confined to the jail;

3. Actual charges for medical and dental treatment; and

4. Reimbursement for county property damaged or any injury caused by the prisoner while confined to jail.

(b) Rates charged may be adjusted in accordance with the fee and expense reimbursement policy based upon the ability of the prisoner confined to the jail to pay, giving consideration to any legal obligation of the prisoner to support a spouse, minor children, or other dependents. The prisoner's interest in any jointly owned property and the income, assets, earnings, or other property owned by the prisoner's spouse or family shall not be used to determine prisoner's ability to pay.

(3) The jailer or his designee may bill and attempt to collect any amount owed which remains unpaid. The governing body of the county may, upon the advice of the jailer, contract with one (1) or more public agencies or private vendors to perform this billing and collection. Within twelve (12) months after the date of the prisoner's release from confinement, the county attorney, jailer, or jailer's designee, may file a civil action to seek reimbursement from that prisoner for any amount owed which remains unpaid.

. . .

(6) Payment of any required fees may be automatically deducted from the prisoner's property or canteen account. If the prisoner had no funds in his account, a deduction may be made by creating a negative balance. If funds become available or if the prisoner reenters the jail at a later date, the fees may be deducted from the prisoner's property or canteen account.

(emphasis added).

In analyzing this statute, the trial court correctly stated that KRS 441.265 does not specifically say that the provisions apply only to convicted prisoners. Thus, the trial court suggested that it is unreasonable to assume that in referring to the "sentencing court" such a limitation exists as argued by Jones, especially since the following sections of KRS 441.265 permit county jails to not only bill and automatically deduct incarceration fees from prisoners,

6

but also to pursue any unpaid fees after the prisoner has been released. KRS 441.265(3); KRS 441.265(6).

The trial court then focused on the statutory definition of "prisoner" under KRS 441.005(3), which provides, in relevant part, that a "'prisoner' means any person confined in jail pursuant to any code, ordinance, law or statute of any unit of government and who is: (a) charged with or convicted with a crime." The trial court concluded that to interpret KRS 441.265 as requested by Jones would negate the definition of prisoner within the statute since it clearly includes persons who are "charged with" a crime. However, in focusing on the definition of "prisoner," the trial court failed to consider KRS 441.265 as a whole, including the phrase "sentencing court." The trial court also overlooked the significance of KRS 441.265(1) in this case.

When it comes to statutory construction, our precedent is clear:

> In construing statutes, our goal, of course, is to give effect to the intent of the General Assembly. We derive that intent, if at all possible, from the language the General Assembly chose, either as defined by the General Assembly or as generally understood in the context of the matter under consideration. We presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes.

*Livingood v. Transfreight, LLC.*, 467 S.W.3d 249, 256 (Ky. 2015) (quoting *Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011)). The sections of KRS 441.265 cannot be separated from each other, nor can KRS 441.265 exist in a vacuum without reference to other statutes.

The statutory language of KRS 441.265 is clear and unambiguous on its face. Only the sentencing court is vested with the authority to order the

7

payment of fees associated with incarceration of a prisoner in a county jail. The inclusion of "sentencing court" implies that a criminal conviction occurred since without a conviction there would be no need for a sentencing court. Jones was never convicted. All charges against him were dropped.  As a result, he was never brought before a sentencing court in this matter.  Jones was never ordered by a sentencing court to pay any of the fees associated with his incarceration and no order was ever pursued by the CCDC.

In ignoring the importance of the sentencing court in KRS 441.265, the lower courts fail to make KRS 441.265 consistent with other statutes concerned with reimbursement of incarceration fees, such as KRS 532.352 and KRS 532.358.  KRS 532.352 provides:

> (1) The sentencing court may order a person who is sentenced to a term of incarceration for any nonstatus juvenile office, moving traffic violation, misdemeanor, or Class D felony offense to reimburse the state or local government for the costs of his incarceration. The reimbursements paid under this subsection shall be credited to the local government sinking fund.
>
> (2) The sentencing court shall determine the amount of incarceration costs to be paid based on the following factors:
>
> > (a) The actual per diem, per person, cost of incarceration;
> >
> > (b) The cost of medical services provided to a prisoner less any copayment paid by the prisoner; and
> >
> > (c) The prisoner's ability to pay all or part of his incarceration costs.
>
> (3) **Reimbursement of incarceration costs shall be paid by the defendant directly to the jailer in the amount specified in a written order of the court.** Incarceration costs owed to the Department of Correction shall be paid by through the circuit court.

8

(emphasis added). KRS 532.352 advises the sentencing court on how to determine the amount of the incarceration fee via the sentencing court's order requiring payment and explicitly states that a written order from a sentencing court is needed. To ignore the term "sentencing court" in KRS 441.256, as the trial court did, leads to the absurd result that Jones would have more protections under the law with the oversight of the sentencing court if he had been convicted of a crime, instead of having all charges dropped.

KRS 532.358 also reinforces the importance of the sentencing court by stating that "[a]ny prisoner who has completed his sentence in a county or regional jail . . . shall, from the day incarceration ceases and within the time and amount **designated by the sentencing court**, pay . . . reimbursement for his incarceration to the state or local government." (Emphasis added). Once again, ignoring the term "sentencing court" in KRS 441.265 and instead focusing on the definition of "prisoner" without reference to "sentencing court" makes the statute incongruous as a whole and in relation to other statutes. Together KRS 441.265, 532.352, and 532.358 make it clear that the sentencing court is the only entity able to order the reimbursement and billing of incarceration fees, not the county jail.

Due to the $256.44 CCDC automatically deducted from the canteen account, we must address KRS 441.265(6) and *Cole v. Warren County*, 495 S.W.3d 712 (Ky. 2015). In *Cole,* the Court of Appeals affirmed the right of a jail to automatically deduct fees from a prisoner's account to cover the incarceration costs while the prisoner is being held in the county jail pursuant

9

to KRS 441.265(6). *Id.* at 717. We do not dispute the jail has the right to deduct fees from a prisoner's canteen account if the funds become available. However, any funds automatically deducted by a county jail before an order from a sentencing court must be credited to the ordered reimbursement. If, as in this case, no order from a sentencing court exists or will ever exist, the automatically deducted fees must be returned to the former prisoner.

In presenting the $4,008.85 bill to Jones upon his release and keeping the $256.44 automatically deducted from Jones' canteen account after it became clear no order for reimbursement from a sentencing court would be issued, the CCDC violated the statute. As a result, the $256.44 automatically withdrawn from Jones' canteen account and the $20 Jones paid toward the jail's bill should be refunded to Jones.

Reviewing all facts and inferences in Jones favor, we hold that the trial court erred in deciding in favor of the CCDC. We hold that KRS 441.265 has been violated because the billing and collecting of fees assessed by the CCDC cannot be carried out without the order of a sentencing court. No sentencing court ever issued such an order in this case, nor will such an order be promulgated due to the dismissal of the charges. Therefore, the jail, in violation of the statute, issued the $4,008.85 bill to Jones. Additionally, the CCDC erred in not refunding Jones the $256.44 plus the $20 for a total of $276.44.

Accordingly, we reverse the order for summary judgment.

10

## IV. CONCLUSION

For the foregoing reasons, we reverse the Court of Appeal affirmation of the Clark Circuit Court's Order for summary judgment. We remand the case back to the Clark Circuit Court for further action in accordance with this Opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Gregory A. Belzley
Belzley, Bathurst, & Bentley
P.O. Box 278
Prospect, KY 40059

Matt Boyd
Boyd Law Office
155 E. Main Street, Suite 220
Lexington, KY 40507

COUNSEL FOR APPELLEE:

Jeffrey C. Mando
Adams, Stepner, Woltermann, & Dusing, PLLC
40 West Pike Street
Covington, KY 41012